1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

**BRANDON FAVOR,**

Petitioner,

v.

**DEPARTMENT OF CORRECTIONS,**

Respondent.

Case No. 1:15-cv-01387 MJS (HC)

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**

**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**

**[Doc. 1]**

19

20

21

22

23

24

25

26

27

28

Petitioner is California State prisoner and proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 11, 2015. (Pet., ECF No. 1.) In the petition, Petitioner challenges the conditions of his confinement and seeks single cell status. He so petitions because of safety concerns relating to the reported debriefing of a member of the Mexican Mafia released from the secured housing unit of Pelican Bay State prison. (Id.)

1

1

**I.      DISCUSSION**

2

      **A.      Procedural Grounds for Summary Dismissal**

3

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

4

      If it plainly appears from the petition and any attached exhibits that

5

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

6

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

7

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

8

respondent's motion to dismiss, or after an answer to the petition has been filed. A

9

petition for habeas corpus should not be dismissed without leave to amend unless it

10

appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis

11

v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

12

      **B.      Failure to State Cognizable Claim**

13

The instant petition must be dismissed because it does not challenge the fact or

14

duration of Petitioner's confinement.

15

A federal court may only grant a petition for writ of habeas corpus if the petitioner

16

can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

17

2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the

18

"legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

19

1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee

20

Notes to Rule 1 of the Rules Governing Section 2254 Cases.

21

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

22

for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500

23

U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory

24

Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

25

Petitioner's claim does not implicate the fact or duration of his confinement.

26

Petitioner seeks relief for the conditions of his confinement. (See Pet.) Petitioner desires

27

to be placed in single cell housing based on his alleged safety concerns. (Pet. at 3.)

28

Petitioner does not challenge his underlying conviction or seek less restrictive custody.

1    With regard to his requested relief, placement in a single cell, Petitioner has not
2    challenge the current level of restriction on his liberty. "[A] prisoner's claim for release
3    from one form of custody to another, less restrictive form of custody, can be brought in a
4    habeas petition." See Nettles v. Grounds, 788 F.3d 992, 1004 (9th Cir. 2015). Petitioner
5    does not seek a less restrictive level of custody (for example, release from administrative
6    segregation into general population), only that he desires to be placed in a single cell for
7    his safety. Petitioner's claims are not cognizable grounds for federal habeas corpus relief
8    and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by
9    way of a civil rights complaint. The Court expresses no opinion as to the merits of such a
10   civil rights complaint.

11   As it does not appear possible that the deficiencies identified herein can be cured
12   by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal
13   of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
14   banc).

15   In an appropriate case a habeas petition may be construed as a Section 1983
16   complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418
17   (1971). Although the Court may construe a habeas petition as a civil rights action, it is
18   not required to do so. Since the time when the Wilwording case was decided there have
19   been significant changes in the law. For instance, the filing fee for a habeas petition is
20   five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For
21   civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform
22   Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of
23   deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A
24   prisoner who might be willing to file a habeas petition for which he or she would not have
25   to pay a filing fee might feel otherwise about a civil rights complaint for which the $400
26   fee would be deducted from income to his or her account. Also, a civil rights complaint
27   which is dismissed as malicious, frivolous, or for failure to state a claim would count as a
28   "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

1    In view of these potential pitfalls for Petitioner if the petition were construed as a

2  civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present

3  the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas

4  petition, which will be assigned a separate civil number. The Clerk of Court shall send

5  Petitioner a blank civil rights complaint form along with a copy of this Order.

6  **II.    CONCLUSION AND RECOMMENDATION**

7    Therefore it is RECOMMENDED that the petition for writ of habeas corpus be

8  DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to

9  42 U.S.C. § 1983. Further, the Court ORDERS the Clerk of Court to assign a District

10  Court Judge to the present matter.

11    These findings and recommendations are submitted to the United States District

12  Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

13  (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

14  Eastern District of California. Within thirty (30) days after being served with a copy, any

15  party may file written objections with the Court and serve a copy on all parties. Such a

16  document should be captioned "Objections to Magistrate Judge's Findings and

17  Recommendations." Replies to the objections shall be served and filed within fourteen

18  (14) days (plus three days if served by mail) after service of the objections. The Court

19  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The

20  parties are advised that failure to file objections within the specified time may waive the

21  right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22

23  IT IS SO ORDERED.

24    Dated:    September 14, 2015        /s/ *Michael J. Seng*

25                    UNITED STATES MAGISTRATE JUDGE

26

27

28

4