IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON FAVOR,**<br><br>        Petitioner,<br><br>  v.<br><br>**DEPARTMENT OF CORRECTIONS,**<br><br>        Respondent. | Case No. 1:15-cv-01387 MJS (HC)<br><br>**ODER WITHDRAWING FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**(Doc. 4)**<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

   Petitioner is California State prisoner and proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

   Petitioner filed the instant petition for writ of habeas corpus on September 11, 2015. (Pet., ECF No. 1.) In the petition, Petitioner challenged the conditions of his confinement and sought single cell status. (Id.) On September 14, 2015, the Court issued Findings and a Recommendation to dismiss the petition for failure to state cognizable claims. On October 16, 2015, Petitioner filed objections to the Findings and Recommendations, and filed an amended petition for writ of habeas corpus. (ECF Nos.

8-9.) In the amended petition, Petitioner adds additional claims regarding his underlying conviction from Los Angeles County Superior Court.

The Court grants the filing of the amended petition under Fed. R. Civ. P. 15(a). Based on the claims contained in the amended petition, the Court hereby withdraws the findings and recommendation, and hereby orders the petition transferred to the Central District of California.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  § 1391(b).

Venue for a habeas action is proper in either the district of confinement or the district of conviction.  28 U.S.C. § 2241(d).  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). In the original petition, Petitioner alleged claims relating to the conditions of his confinement. However, his amended petition reflects a challenge to his conviction in Los Angeles County, which is in the Central District of California. See 28 U.S.C. § 84. Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, the petition will be transferred to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

///

1  Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
2  United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  January 14, 2016          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE